IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**JAMES NATHANIEL BRASWELL,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO. 2:20-CV-00872**

**SGT. X MUNCIE, et al.**

**Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Now comes your Defendants, Craig Roberts and Betsy Jividen (collectively "Defendants"), by and through their counsel, William E. Murray, and the law firm of Anspach Meeks Ellenberger LLP, and do hereby submit this Memorandum of Law in support of their Motion to Dismiss:

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . .." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. A complaint fails to state a compensable claim when, viewing the well-pleaded factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a

claim to relief that is plausible on its face." *Id.* at 570; *See also, Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

"A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. *Fed. R. Civ. P. 12(b)(6).* A *Rule 12(b)(6)* motion does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).* Rather, it serves the crucial role of "defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)* (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1202 (3d ed. 2004)).

A case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Iqbal* at 678. Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555*; *see also King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016)* ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal, 556 U.S. at 679*)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly, 550 U.S. at 555, 570." Aliff v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 2:15-cv-13513, 2016 U.S. Dist. LEXIS 131310 (S.D. W.

Va. Sep. 26, 2016). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *Wood v. Harshbarger*, No. 3:13-21079, 2013 U.S. Dist. LEXIS 147355, at *11 (S.D. W. Va. Oct. 11, 2013).

## STATEMENT OF FACTS

Plaintiff's Complaint arises from allegations that on January 2, 2019, he was incarcerated at South Central Regional Jail.  [ECF No. 1].  He alleges that on or about January 2, 2019, he was beaten by inmates. He further alleges generally that his civil rights were violated.  As a result of the conduct alleged, he has brought this suit against Defendants and against defendant Sgt. X Muncie.

## ARGUMENT

**The South Central Regional Jail should be dismissed because it is nothing more than a building, therefore not a proper party.**

One Defendant is identified in the Complaint as "SCRJ" ("Jail") which is assumed to be South Central Regional Jail, the facility in which Plaintiff was incarcerated.  The Jail is nothing more than a building, and thus cannot be a proper party as it is not a legal entity that can be sued. As such, dismissal with prejudice is necessary pursuant to Rule 12(b)(6) and Rule 21 of the Federal Rules of Civil Procedure.

The Jail is not a municipality or political subdivision, and is not listed or otherwise identified as a business organization or any other organization with the West Virginia Secretary of State.  The Jail is now and always has been a building owned, operated, and maintained by the State of West Virginia.  Ownership and operation of the Jail (i.e., the building) is done based on the provisions of the West Virginia Code Section 15A-3-12.

Judge Chambers in an analogous case dismissed the Western Regional Jail pursuant to Federal Rule of Civil Procedure 21 and stated that:

The Western Regional Jail is a building owned by the West Virginia Regional Jail and Correctional Facility Authority and is not a municipality, political subdivision, business organization, or any other organization recognized by the West Virginia Secretary of State.  Therefore, the Western Regional Jail, a building and nothing more, is an improperly joined party to these proceedings, which omits any *in rem* claims.

*Searls v. W. Va. Reg'l Jail & Corr. Facility Auth*., Civil Action No. 3:15:9133 (S.D.W.Va. 2016).  *See Exhibit 2.* Because this Court is faced with the identical issue raised in *Searls*, this matter must be dismissed, with prejudice, as the South Central Regional Jail is not a legal entity that is subject to suit.

### Defendants are Entitled to Dismissal on Plaintiff's Claims under the United States Constitution and 42 U.S.C. §1983

Plaintiff has asserted claims against Defendants pursuant to 42 U.S.C. § 1983.  As the United States Court of Appeals for the Ninth Circuit has explained,

> Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983. See, e.g., *Bretz v. Kelman*, 722 F.2d 503 (9th Cir. 1983), vacated on other grounds, 773 F.2d 1026 (1985) (en banc); *Ward v. Caulk*, 650 F.2d 1144 (9th Cir. 1981). Cf. *Molina v. Richardson*, 578 F.2d 846 (9th Cir.), cert. denied, 439 U.S. 1048, 58 L. Ed. 2d 707, 99 S. Ct. 724 (1978). See also, e.g., *Thomas v. Shipka*, 818 F.2d 496 (6th Cir. 1987); *Hunt v. Robeson County Dept. of Social Serv.*, 816 F.2d 150 (4th Cir. 1987); *Morris v. Metropolitan Area Transit Auth.*, 702 F.2d 1037 (D.C. Cir. 1983); *Bieneman v. City of Chicago,* 662 F. Supp. 1297 (N.D. Ill. 1987), appeal dismissed, 838 F.2d 962 (7th Cir. 1988). Section 1983 was available to Azul, but plaintiff failed to file its complaint within the applicable limitations period.

*Azul-Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir. Cal. 1992).  Accordingly, 42 U.S.C. §1983 is the only mechanism by which a Plaintiff may seek monetary relief for alleged violations of rights guaranteed in the United States Constitution.

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *See Monell v. Dept. of Social Servs*., 436 U.S. 658, 691 (1978). Claims under 42 U.S.C. § 1983 are specifically directed at "persons." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 60 (1989).

The Supreme Court of the United States has found that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Id.* at 71. "While the Supreme Court treats municipalities as suable "persons" under Section 1983, state departments and agencies, and state officers and agents in their official capacities sued for damages, are considered to be 'arm[s] of the state' and are not deemed 'persons.'" *Smoot v. Green,* 2013 U.S. Dist. LEXIS 156887 (S.D. W.Va. Nov. 1, 2013). Therefore, as the Defendants are the state and/or its officials, they are not a "person" under 42 U.S.C. § 1983, and is not subject to suit under that statute. *See Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989).

Plaintiff makes no allegations as to any direct acts on the part of Defendants Roberts and Jividen, and it is assumed that Plaintiff has joined them, if they are to be considered as having been sued in their individual capacities, which is not clear, as a result of their roles as supervisors. As this Court knows, there is no *respondeat superior* liability pursuant to 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). [L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," *Berry v. Rubenstein*, 2008 U.S. Dist. LEXIS 34782, 6-7 (S.D. W. Va. Apr. 25, 2008) (internal quotations omitted).

> Specifically, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative

causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."

*Berry v. Rubenstein*, 2008 U.S. Dist. LEXIS 34782 (S.D. W. Va. Apr. 25, 2008). Plaintiff has failed to allege any conduct to satisfy any prong of this three (3) part test.

Supervisory officials may be liable in certain circumstances for constitutional injuries inflicted by their subordinates. Liability in this context is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries inflicted on those committed to their care. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). The plaintiff assumes a heavy burden of proof in supervisory liability cases. He not only must demonstrate that he faced a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. at 372-373 (internal citations and quotations omitted)*. Courts have held that "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted). A plaintiff "cannot satisfy his burden of proof by pointing to a single incident or isolated incidents, . . . for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities." *Slakan at 373*. Plaintiff's allegations in this case are insufficient to overcome this burden.

### Defendants are Entitled to Qualified Immunity from Claims Relating to the Handling of his Grievances

Plaintiff makes general allegations against Defendants throughout his complaint regarding their handling of his grievances. [ECF No. 1]. Defendants are entitled to qualified immunity on

such claims as all of Plaintiff's allegations against them arise from are discretionary acts which are not alleged to have violated any of Plaintiff's clearly established rights or to have been fraudulent, malicious, or oppressive.

> In the absence of an insurance contract waiving the defense, the doctrine of qualified immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1 et seg., and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer.

Syl. Pt. 6, *Clark v. Dunn*, 195 W. Va. 272, 465 S.E.2d 374 (1995); Syl. Pt. 7, *A.B., supra*.

> To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in with *State v. Chase Securities, Inc*., 188 W. Va. 356, 424 S.E.2d 591 (1992). **In absence of such a showing both the State and its officials or employees charged with such acts or omissions are immune from liability.**

*Id.* at Syl. Pt. 11 (emphasis added).

Here, Plaintiff, to the extent he alleges that Defendants acted negligently or improperly in the handling of grievances, those claims are barred by qualified immunity.  Further, as this Court knows, violation of departmental policy does not equate with constitutional unreasonableness. *Abney v. Coe*, 493 F.3d 412; 2007 U.S. App. LEXIS 15841 (4th Cir. 2007).  Plaintiff has not alleged specific statutory or constitutional rights, conferred upon him, which were violated by Defendants. As Plaintiff has failed to set forth the "clearly established law" which was known by and violated by Defendants, Defendants are entitled to dismissal on those allegations. As stated above, in civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff. *Hutchison v. City of Huntington*, 198 W.Va. 139, 149-150, 479 S.E.2d 649, 660 (1996);

see also *White v. Pauly*, 137 S. Ct. 548, 552 (2017).  A dismissal of this action against Defendants is appropriate in this case.

<u>**CONCLUSION**</u>

**WHEREFORE**, in light of the foregoing, Defendants pray that this Honorable Court grant this Motion and dismiss Plaintiff's Complaint, with prejudice**,** and further award these Defendants any and all other relief that this Honorable Court deems just and proper.

**CRAIG ROBERTS AND BETSY JIVIDEN,**

**BY COUNSEL**


 /s/ William E. Murray_____
William E. Murray (WVSB #2693)
ANSPACH MEEKS ELLENBERGER LLP
500 Virginia Street East, Suite 525
Charleston, West Virginia 25301
304-205-8063 - telephone
304-205-8062 – facsimile
wmurray@anspachlaw.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA**

**JAMES NATHANIEL BRASWELL,**

        **Plaintiff,**

**v.**

                                          **CIVIL ACTION NO. 2:20-CV-00872**

**SGT. X MUNCIE, et al.**

        **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

       I, William E. Murray, do hereby certify that on this 19th day of March, 2021, I filed the foregoing **"MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS"** with the Clerk of the Court using the CM/ECF system, and served Plaintiff by mail, to wit:

James Braswell (#3613474)
South Central Regional Jail
1001 Centre Way
Charleston, WV 25309
*Pro Se Plaintiff*

                                 /s/ William E. Murray_____
                                 William E. Murray (WVSB #2693)
                                 ANSPACH MEEKS ELLENBERGER LLP
                                 500 Virginia Street East, Suite 525
                                 Charleston, West Virginia 25301
                                 304-205-8063 - telephone
                                 304-205-8062 – facsimile
                                 wmurray@anspachlaw.com