**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAMES NATHANIEL BRASWELL,

                Plaintiff,

v.                                   CIVIL ACTION NO.   2:20-cv-00872

AUSTIN JOHNSON,

                Defendant.

**ORDER**

The Court has reviewed *Defendant Austin Johnson's Motion in Limine to Exclude Testimony that Defendant Withheld Discoverable Information* (Document 77), *Plaintiff James Braswell's Response to Defendant Austin Johnson's Motion in Limine Exclude Testimony that the Defendant Withheld Discoverable Information* (Document 83*), Defendant Austin Johnson's Motion in Limine to Preclude Plaintiff's Alleged Future Damages at Trial* (Document 78*), Plaintiff James Braswell's Response to Defendant Austin Johnson's Motion in Limine to Preclude Alleged Future Damages at Trial* (Document 84*), Defendant Austin Johnson's Motion in Limine to Exclude Testimony Regarding Accusations of Other Instances of Misconduct in Jails and Correctional Facilities* (Document 79), *Plaintiff James Braswell's Response to Defendant Austin Johnson's Motion in Limine Exclude Testimony Regarding Accusations of Other Instances of Misconduct in Jails and Correctional Facilities* (Document 86), *Defendant Austin Johnson's Motion in Limine to Exclude Testimony Regarding Accusations of Other Instances of Misconduct of Defendant* (Document 80), *Plaintiff James Braswell's Response to Defendant Austin Johnson's Motion in Limine to Exclude Testimony Regarding Accusations of Other Instances of Misconduct*

*of Defendant* (Document 85), and all attached exhibits.   The Court has also reviewed the *Plaintiff's Motions in Limine* (Document 81) and *Defendant Austin Johnson's Omnibus Response to Plaintiff's Motions in Limine* (Document 82).

I.    In *Defendant Austin Johnson's Motion in Limine to Exclude Testimony that Defendant Withheld Discoverable Information* (Document 77), the Defendant asks that "any suggestions, arguments, or any testimony that Defendant withheld discovery in this case" be excluded.   In his response, the Plaintiff states that he will not attempt to introduce any testimony or other evidence suggesting that the Defendant withheld discoverable information. Therefore, the motion, being unopposed, should be **GRANTED**.

II.    In *Defendant Austin Johnson's Motion in Limine to Preclude Plaintiff's Alleged Future Damages at Trial* (Document 78), the Defendant argues that the "Plaintiff has not noticed any expert witnesses who will speak to future damages," and that an expert is needed to testify to the permanency or future effect of the injury in this case.   (*Id.*).   The Plaintiff responds that his Rule 26(a)(2)(A) & (B) disclosure stated the names of his past and present treating physicians, along with short summaries of their proposed expert testimonies.   The disclosure also stated that the treating physicians would testify to "the physical and mental health effects of the assault from what Plaintiff has experienced or could be expected to experience in the future."   (Document 84 at 2).   Further, the Plaintiff cites Local Rule of Civil

2

Procedure 26.1(b)(3) in support of his position that the notice he provided is sufficient. This disclosure sufficiently provided the Defendant with notice of the Plaintiff's intent to put on evidence of future damages.

The Defendant cites *Jordan v. Bero* for the proposition that "[w]here the injury is obscure . . . mere subjective testimony of the injured party or other lay witnesses does not prove the future effect of the injury to a reasonable certainty," making expert testimony necessary in this case.  210 S.E.2d 618, 635 (W. Va. 1974). However, here, the Plaintiff has disclosed his treating physicians as experts and will not need to rely solely on lay testimony. The Court finds the disclosure to be sufficient given the language of Local Rule 26.1(b)(3) and the intent to rely on testimony of treating physicians and/or medical providers.  Thus, the motion should be **DENIED.**

III.    In *Defendant Austin Johnson's Motion in Limine to Exclude Testimony Regarding Accusations of Other Instances of Misconduct in Jails and Correctional Facilities* (Document 79), the Defendant requests, pursuant to Rule 404(b)(1) of the Federal Rules of Evidence, that the Court exclude evidence of other instances of misconduct in facilities operated by the West Virginia Division of Corrections and Rehabilitation.   In the Plaintiff's Response, he indicates that he "will not attempt to introduce any testimony or other evidence regarding accusations of other instances of misconduct in jails and correctional facilities".   Therefore, there being no opposition, the motion should be **GRANTED.**

3

IV.     In *Defendant Austin Johnson's Motion in Limine to Exclude Testimony Regarding Accusations of Other Instances of Misconduct of Defendant* (Document 80), the Defendant raises a nearly identical argument as the motion previously addressed, but rather seeks to exclude the prior bad acts of the Defendant, Johnson.   In the Plaintiff's response, he states that "he will not attempt to introduce any testimony or evidence regarding other instances of misconduct of the defendant."   Again, there being no opposition, this motion should be **GRANTED.**

V.      *Plaintiff's Motions in Limine*   (Document 81)   contained several distinct motions.

1. **Criminal History of Plaintiff**—In this section of the Plaintiff's Motion, he moved to preclude the Defendant, their attorneys and witnesses from directly or indirectly mentioning "in any manner . . . that the Plaintiff had engaged in prior criminal conduct or had prior criminal arrests or convictions." In his response, Defendant Johnson objects to the motion as being premature because it is unknown what evidence of this nature will be offered and that "Such evidence may be relevant depending on the purpose for which it is offered."

2. **Prior Bad Acts of Witnesses**-- In this section of the Plaintiff's Motion, he asks that the Defendant, his attorneys and witnesses not directly or indirectly mention or attempt to convey to the jury that the Plaintiff's witnesses "may have engaged in prior criminal conduct or had prior criminal arrests or convictions or other bad acts." The Plaintiff does not specify the nature of the past criminal conduct or

4

convictions he wishes to exclude.  The Plaintiff also argues that "the Defendants have not provided notice . . . as required by Rule 609" and therefore no evidence regarding prior bad acts should be elicited.  (*Id.* at 7).

The Defendant objects, in part, to the portions of the Plaintiff's Motion in Limine numbered **1**. and **2**.  He states that the Plaintiff's requested relief is broader than Rule 404 and would preclude mentioning the Plaintiff's status as an incarcerated individual at the time of the alleged events, the place of the alleged events, and the Defendant's status as a correctional officer—all facts essential to the Plaintiff's case.  The Defendant additionally states that, although he does not intend to introduce evidence the Plaintiff attempts to exclude under Rule 404, he does reserve the right to attack a witness's character for truthfulness under Rule 609.  Therefore, the Court finds it unnecessary to address Rule 404 except to say that the Plaintiff, in his Motion, seems, at times, to conflate Rules 404 and 609.

Rule 609 of the Federal Rules of Evidence allows a party to impeach a witness's character for truthfulness by using a prior felony conviction or a conviction for a crime requiring a dishonest act.  Rule 609 does not generally require written notice of the intent to impeach using a prior conviction, except in the instance of a conviction subject to Rule 609(b), where "more than 10 years have passed since the conviction or release from confinement."  Therefore, the Defendant's failure to notice his intent to use a prior conviction as a form of impeachment will not bar its admission unless the conviction is subject to Rule 609(b), but the Court is without sufficient detail to determine the Rule's applicability.

5

Some degree of balancing between the prejudice and probative value of the conviction is required to determine admissibility, whether the conviction is subject to Rule 609(a) or (b).    Again, without knowing the specifics of the conviction, the Court is without sufficient detail to determine whether the evidence should be precluded or admitted. However, to give the parties some guidance, the Court expects to allow evidence that the Plaintiff was incarcerated at a correctional facility and also expects to allow evidence of impeachment of the Plaintiff and all witnesses with *convictions,* if any, consistent with the dictates of Rule 609.

Therefore, the Court **ORDERS** that to the extent either motion would preclude admission of evidence otherwise admissible under Rule 404, the Plaintiff's Motion in Limine in parts **l.** and **2**. is **GRANTED** without objection,[1] but otherwise **DENIED** as premature.[2]

**3. Insurance (Plaintiff)**

**4. Insurance (Defendant's)**

**5. Redacted Medical Records**

**6. Windfall Damages**

**7. Good Acts of Defendant**

The Defendant has no objection to parts **3, 4, 5, 6** and **7** of the Plaintiff's Motion in Limine and, therefore, these portions of the motion will be **GRANTED.**

---

[1] This Order does not preclude the admission of evidence such as the location of the alleged assault, the incarcerated status of the Plaintiff, and the employment status of the Defendant.
[2] The Plaintiff has leave to raise this objection again at a more appropriate time and counsel for the Defendant is instructed to approach the bench prior to introducing evidence or questioning witnesses regarding convictions.

**CONCLUSION**

The Court **ORDERS** that *Defendant Austin Johnson's Motion in Limine to Exclude Testimony that Defendant Withheld Discoverable Information* (Document 77), *Defendant Austin Johnson's Motion in Limine to Exclude Testimony Regarding Accusations of Other Instances of Misconduct in Jails and Correctional Facilities* (Document 79), *Defendant Austin Johnson's Motion in Limine to Exclude Testimony Regarding Accusations of Other Instances of Misconduct of Defendant* (Document 80), and *Plaintiff's Motion in Limine* (Document 81) **parts 3, 4, 5, 6, and 7** be **GRANTED**; that *Plaintiff's Motions in Limine* **parts 1 and 2** be **GRANTED in part** and **DENIED in part**; and that *Defendant Austin Johnson's Motion in Limine to Preclude Plaintiff's Alleged Future Damages at Trial* (Document 78) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    December 14, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7